IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| SILAS MARTIN, #145 609 | * | |
| Petitioner, | * | |
| v. | * | 3:10-CV-453-TMH |
| | | (WO) |
| TROY KING, *et al.*, | * | |
| Respondents. | * | |

_____

**ORDER**

In their supplemental answer filed September 21, 2010, Respondents maintain that Petitioner "is in custody on his [1985] escape conviction pursuant to the Alabama Habitual Offender Act, as such conviction was used to enhance his 2007 conviction of sodomy." (*Doc. No. 17 at pg. 3*.)  Respondents' argument appears to be foreclosed by *Maleng v. Cook*, 490 U.S. 488 (1989).

Pursuant to 28 U.S.C. § 2254(a), the United States District Courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States."  In order for this court to have jurisdiction over Petitioner's habeas petition, he must have been " 'in custody' under the conviction or sentence under attack at the time his petition [was] filed." *Maleng,* 490 U.S. at 490-91. In *Maleng*, the Court held that a habeas petitioner does not remain in custody under a conviction "after the sentence imposed for it has fully expired," even if there is "the possibility that the prior conviction will be used to enhance the sentences imposed for any

subsequent crimes of which [petitioner] is convicted." *Id*. at 492 ("We have never held ... that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.") (emphasis in original). *See also Birotte v. Secretary for Dept. of Corrections*, 236 Fed. Appx. 577, 578 (11th Cir. 2007) ("the mere possibility that the prior conviction will be used to enhance a sentence imposed for any subsequent crime is not enough to render him 'in custody.' "). In light of the foregoing, it is

      ORDERED that on or before October 13, 2010 Respondents shall file a supplemental answer which states whether Petitioner: 1) had completed service of his five year sentence imposed for his 1985 escape conviction at the time he filed the instant habeas petition; 2) is currently serving his five year sentence for the 1985 escape conviction; or 3) is subject to service of the sentence imposed on him for the 1985 escape conviction in the future. Respondents may include any and all relevant supporting documentation, not heretofore filed, in support of their supplemental answer.

      DONE, this 22nd day of September 2010.

      /s/ Susan Russ Walker
      SUSAN RUSS WALKER
      CHIEF UNITED STATES MAGISTRATE JUDGE