IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| SILAS MARTIN, #145 609 | * | |
| Petitioner, | * | |
| v. | * | 3:10-CV-453-TMH |
| | | (WO) |
| TROY KING, *et al.*, | * | |
| Respondents. | * | |

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Silas Martin, a state inmate, on May 18, 2010. In this petition, Petitioner seeks to challenge his conviction for third degree escape entered against him by the Circuit Court for Lee County, Alabama, on November 6, 1986. The trial court sentenced Petitioner to a five year term of imprisonment for this conviction on December 15, 1986.[1] No direct appeal was undertaken by the petitioner. (*Doc. No.9.*) Thus, Petitioner's escape conviction became final by operation of law on April 27, 1997. *See Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998)

Pursuant to the orders of this court, Respondents filed an answer and supplemental answers in response to the instant petition. In their supplemental answer filed October 12, 2010, Respondents argue that the sentence imposed upon Petitioner for his 1986 conviction

---

[1] The evidentiary materials filed by Respondents establish that Petitioner was represented by counsel at the time of his 1986 conviction and sentencing. (*See Doc. No. 9, Exh. A.*)

expired prior to the filing of this federal action and thus, Petitioner does not meet the "in custody" requirements for habeas review. (*Doc. No. 19*.) Respondents also argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] (*Doc. No. 9*.)

Pursuant to 28 U.S.C. § 2254(a), the United States District Courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." In order for this court to have jurisdiction over Petitioner's habeas petition, he must have been " 'in custody' under the conviction or sentence under attack at the time his petition [was] filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)*,* 490 U.S. at 490-91. In *Maleng*, the Court held that a habeas petitioner does not remain in custody under a conviction "after the sentence imposed for it has fully expired," even if there is "the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which [petitioner] is convicted." *Id* . at 492 ("We have never held ... that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.") (emphasis in original). *See also Birotte v. Secretary for Dept. of Corrections*, 236 Fed. Appx. 577, 578 (11th Cir. 2007) ("the mere possibility that the prior conviction will be used to enhance a sentence imposed for any subsequent crime is not enough to render him 'in custody.' ").

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

Petitioner was convicted of third degree escape by the Circuit Court for Lee County, Alabama on November 6, 1986. He was sentenced to five years imprisonment and completed service of this sentence on July 18, 1988. (*Doc. No. 19, Exh. R.*) Petitioner is presently serving a twenty-five year sentence for his conviction for second degree sodomy entered against him on October 30, 2007 by the Circuit Court for Lee County, Alabama. Petitioner is not challenging his sodomy conviction in the present habeas petition. (*Doc. No 13.*)[3]

In light of the foregoing, it appears that Petitioner is not "in custody" for purposes of challenging his 1986 third degree escape conviction. Accordingly, it is

ORDERED that on or before November 5, 2010 Petitioner shall show cause why this case should not be dismissed as he has failed to satisfy the "in custody" requirement necessary to allow a habeas attack on his 1986 third degree escape conviction entered against him by the Circuit Court for Lee County, Alabama.

---

[3] Even if Petitioner's subsequent state sentence was enhanced by his prior 1986 conviction, this assertion no longer provides an avenue of relief as the law is now clear that an inmate who failed to pursue available remedies to challenge prior convictions or challenged such convictions unsuccessfully may not collaterally attack the expired prior convictions through a § 2254 petition challenging the enhanced sentence. *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed. 2d 608 (2001); *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001). The only exception to this rule is "for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment . . ." *Lackawanna*, *supra*. This exception is not applicable in this case as the pleadings and evidentiary materials before the court establish that Petitioner was represented by counsel during the criminal proceedings related to his third degree escape conviction before the Circuit Court for Lee County.

DONE, this 15th day of October 2010.


                                         /s/ Susan Russ Walker  
                                         SUSAN RUSS WALKER  
                                         CHIEF UNITED STATES MAGISTRATE JUDGE